IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00235-CMA-STV

ANTHONY VIVIANO,

Plaintiff,

v.

DEPUTY KEVIN SCHNEIDER, in his individual and official capacities, and
DEPUTY NANETTE COLLINS, in her individual and official capacities,

Defendants.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Deputies' Motion to Stay all Proceedings and Discovery Pending Determination of Entitlement to Qualified Immunity [#24] (the "Motion to Stay"), which has been referred to this Court [#25, #28]. Plaintiff responded to the Motion to Stay on May 24, 2017 [#29], and Defendants replied on June 5, 2017 [#34]. This Court has carefully considered the Motion to Stay and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion to Stay. For the following reasons, I **GRANT** the Motion to Stay.

**I.   Background[1]**

According to the Complaint, Johnathan McMillan obtained two different civil protection orders against Plaintiff. [#1, ¶ 10] These orders restrained Plaintiff from

---
[1] To provide background for the Motion to Stay, the Court draws facts from the allegations in Plaintiff's Complaint [#1].

contacting Mr. McMillan, his wife, and their two daughters. [*Id.* at ¶ 10] On February 6, 2015, Ms. McMillan alerted Defendant Schneider, a Jefferson County Sheriff's Deputy, that Plaintiff had contacted an insurance agency with which she and her husband did business. [*Id.* at ¶ 11] Ms. McMillan claimed that this contact had violated one of the protection orders but, in fact, the court order makes no mention of any party or entity being protected other than the McMillans. [*Id.*] Defendant Schneider contacted Steven Jensen, the Chief Deputy District Attorney, who advised Defendant Schneider that Plaintiff's actions violated the protective order. [*Id.* at ¶¶ 16-17] As a result, Defendant Schneider arrested Plaintiff and transported him to the Jefferson County Jail. [*Id.* at ¶ 19] Plaintiff spent a night in jail before he was released on a personal recognizance bond and the charges were ultimately dismissed. [*Id.* at ¶¶ 19-21]

On February 23, 2015, Defendant Collins, a Jefferson County Sheriff's Deputy, responded to another call from Ms. McMillan. [*Id.* at ¶ 22] Ms. McMillan told Defendant Collins that there was a valid protection order in place. [*Id.*] This protection order protects the McMillan family, but does not contain any language restraining Plaintiff from contacting anyone but Mr. McMillan's immediate family. [*Id.* at ¶¶ 24-25] Ms. McMillan explained that Plaintiff had contacted David Terry, an employee of Mr. McMillan's business. [*Id.* at ¶ 26] Ms. McMillan further explained that Plaintiff had contacted three other employees via email. [*Id.* at ¶ 27] Attached to those emails, which Defendant Collins reviewed, were court documents regarding the dismissal of the previous protection order violation charges. [*Id.*] In spite of this court documentation, as a result of Ms. McMillan's accusations, Defendant Collins arrested Plaintiff for violation of a protection order. [*Id.* at ¶ 28] Plaintiff spent four days at the Jefferson County Jail and

2

an additional sixty days fitted with a GPS monitoring unit. [*Id.* at ¶ 29] Ultimately, the Jefferson County District Attorney's Office dismissed all charges. [*Id.* at ¶ 30]

On January 26, 2017, Plaintiff filed a Complaint against Deputies Schneider and Collins, and Chief Deputy District Attorney Steven Jensen. [#1] The Complaint brought claims pursuant to 42 U.S.C. § 1983 against Deputies Schneider and Collins, and Chief Deputy District Attorney Jensen for arresting Plaintiff without probable cause, in violation of the Fourth Amendment. [*Id.*] The Complaint also brought a § 1983 claim solely against Defendant Jensen for ratification by a final policymaker. [*Id.*]

On April 18, 2017, Plaintiff voluntarily dismissed the claims against Defendant Jensen. [#20] On May 3, 2017, Deputies Schneider and Collins moved to dismiss the Complaint arguing, in part, that they are protected by qualified immunity (the "Motion to Dismiss"). [#23 at 7-14] That same day, Deputies Schneider and Collins filed the instant Motion to Stay seeking to stay all proceedings pending determination of the Motion to Dismiss. [#24] Plaintiff responded to the Motion to Dismiss on May 25, 2017 [#32], and the Deputies replied on June 6, 2017 [#35].

II. Analysis

When considering whether to grant a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo.

3

Mar. 30, 2006). Considering these factors, the Court concludes that a stay is warranted pending resolution of the pending Motion to Dismiss.

First, although Plaintiff has an interest in proceeding expeditiously, Plaintiff has failed to identify any specific prejudice that would befall Plaintiff as a result of any such delay. Plaintiff argues that witnesses' memories may fade, witnesses may relocate, and documents may get misplaced or destroyed. [#29 at 3] But, the factual allegations in this case are fairly simple. Given the simplicity of the case, it is doubtful that key witnesses will forget important details relevant to the case. Moreover, there seems to be a limited number of witnesses and a limited number of documents. Thus, Plaintiff's concern about witnesses relocating or documents being lost does not appear particularly acute in this case. Therefore, because Plaintiff has failed to provide any "specific examples of how [his] ability to conduct discovery might be adversely affected by a stay," the Court finds that Plaintiff's general interest in proceeding expeditiously does not overcome other factors discussed below that weigh in favor of a stay. *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

Second, the Court finds that proceeding with discovery would impose a burden upon Defendants. A ruling in favor of Defendants on the Motion to Dismiss would be dispositive. Thus, staying discovery may relieve the burdens of discovery for Defendants. This fact is particularly important in this case, where Defendants have asserted a qualified immunity defense. As the Supreme Court has made clear, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

4

685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in the judgment)).[2] Accordingly, the second factor supports granting the Motion to Stay.

Third, the Court considers its own convenience. The Court recognizes the general policy in this District disfavoring a complete stay of discovery, "as the resulting delay makes the Court's docket less predictable and, hence, less manageable." *Stone*, 2010 WL 148278, at *3. However, courts have acknowledged that "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* Here, if successful, the Motion to Dismiss would entirely dispose of the instant action. Given that this proceeding is at the very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay.

The fourth and fifth factors are either neutral or support staying this action. Neither party has identified any nonparty whose interests would be impacted by the requested stay. Moreover, while the public has an interest in the speedy resolution of legal disputes, *see, e.g.*, *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009), "there is also a strong public policy behind the qualified immunity doctrine. Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation." *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015). As a result, this fifth factor supports granting the stay.

---

[2] The Motion to Dismiss has been referred to this Court. [# 28] Through this discussion, the Court in no way passes on the merits of the Motion to Dismiss.

5

Considering the factors set forth above, the Court determines that a stay of discovery pending resolution of the Motion to Dismiss is warranted. Accordingly, it is **ORDERED** that the Motion to Stay [#24] is **GRANTED**.

DATED: June 14, 2017

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge